(69 App. Div. 546.)

CHAMBERS v. WEBSTER et al.

(Supreme Court, Appellate Division, Second Department. March 14, 1902.)

1. PARTNERSHIP—SPECIAL PARTNER — CAPITAL — CONTRIBUTION—EVIDENCE — FINDING.

Where a special partner defends against a liability of the firm on the ground that he had contributed his share of the capital in cash, which he had received as a gift, and it appears that the demand notes of the firm were given for the amount to the one whom it was claimed made such gift, a finding that defendant had not contributed the money was justified.

2. ASSIGNMENT OF CLAIM—VALIDITY—TRUSTEE—TRIAL—EVIDENCE.

Plaintiff sued as assignee of a claim against a firm in which the answering defendant was a special partner. Defendant denied the assignment of the claim. The account on the firm books was in the name of the assignor "in trust." On cross-examination of such assignor, who had identified the instrument of assignment, he was asked if he "was in trust," and "had the account in trust for some one?" Plaintiff's objection to the question was sustained. Held error, as the question bore directly on the validity of the assignment.

3. SAME—OFFER OF PROOF—EXCEPTION.

The question showed plainly enough that the purpose of counsel was to ascertain whether any trust existed, and, if so, what were the terms, and whether the assignment was authorized thereby; and hence an offer of proof was not necessary to enable the appellate court to review such ruling.

Appeal from trial term, Westchester county.

Action by Sidney C. Chambers against David Webster, impleaded with others. From a judgment for plaintiff, and from an order denying a new trial, defendant David Webster appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George E. Morgan (Charles N. Morgan, on the brief), for appellant.

Paul Armitage (Edwin B. Root and Albert P. Massey, on the brief), for respondent.

WILLARD BARTLETT, J. The plaintiff brought this action, as the assignee of a claim owned by Winfield A. Huppuch, against a firm of stockbrokers known as Seymour, Johnson & Co. Henry A. Seymour and Frederick W. Johnson, who were concededly the general partners in the concern, did not defend; but David Webster interposed a special defense, denying any liability on the ground that he was a special partner. As such special partner he claimed to have contributed $200,000 in cash to the capital of the firm; and the principal question litigated upon the trial was whether he actually paid in this amount, or whether the alleged contribution was not merely a pretense and a sham. No exception was taken to the charge of the trial judge, and, so far as this branch of the case is concerned, the only question is whether there was sufficient evidence to sustain the verdict in favor of the plaintiff, which must have been based upon a finding to the effect that the special capital had not been contributed as matter of fact. The money alleged to have been paid in by the appellant is said to have been obtained from a person named Edmund Goslin, who was a customer of the former firm of Seymour, Johnson & Co., in which the appellant was not a partner. The appellant was not sworn as a witness; but it was contended in his behalf that he was enabled to make the contribution of $200,000 in question by a gift of that amount of money, which Goslin had at the time in part in the hands of the former firm of Seymour, Johnson & Co., and in part in the hands of Wells, Fargo & Co. It appeared, however, that demand notes of the firm were given to Goslin for the amount which he thus furnished to Webster; and I think there was ample evidence in the case to justify the jury in regarding the transaction as really a loan of the money from Goslin to the partnership, instead of a gift by Goslin to the appellant, and a subsequent contribution by him to the capital of the firm.

There would be no occasion for interfering with the verdict, therefore, if there were no other question in the case, save the sufficiency of the proof to charge the appellant with liability as a general partner. The record, however, discloses one ruling which seems to me to be so erroneous as to require us to grant a new trial. The complaint treats the claim which is the subject of the action as one originally existing in behalf of the assignor, Winfield A. Huppuch, individually. In the ninth paragraph it is alleged that before the commencement of the action the said Winfield A. Huppuch, for value, assigned his said claim against the defendants to the plaintiff. In his answer the defendant Webster avers that he has no knowledge or information sufficient to form a belief as to the allegation contained in the ninth paragraph of the complaint, and therefore .denies the same. Here we have a square issue as to the alleged assignment, upon the existence and validity of which depends the right

of the plaintiff to maintain the action. The account of the stock transactions out of which the claim arose appeared in the books of Seymour, Johnson & Co. under the title, "Huppuch (in Tr.)." Mr. Huppuch was called as a witness for the plaintiff, and identified his signature to an instrument assigning the account to Mr. Chambers, which was then put in evidence. On cross-examination he was questioned as follows:

"Q. Mr. Huppuch, I observe in the account on the books of the firm which has been offered in evidence your name as Huppuch, in trust. Were you in trust? Did you have this account in trust for some one?"

An objection to this question on behalf of the plaintiff was sustained, and the defendant Webster excepted,

It seems to me that the appellant was entitled to lay before the jury, if he could, the evidence sought to be adduced by this question. That evidence bore directly upon the validity of the assignment. While it is very true that the mere fact that Mr. Huppuch's interest in the account was simply that of trustee, if such were the fact, would not prove that he lacked authority to assign it, yet, upon showing that a trust relation existed, the appellant might have gone further, and ascertained from the witness that the terms of the trust were such as to preclude the witness from assigning this claim. The effect of the ruling, however, was to prevent the appellant from making any investigation as to the true interest of the assignor in the claim which he had turned over to the plaintiff, and which the plaintiff was endeavoring to assert in this action. I think the appellant had the right to go into that matter under the denial relative to the assignment contained in his answer, and that the refusal to allow him to do so practically deprived him of the right to controvert an essential portion of plaintiff's cause of action. It is said in the brief of the learned counsel for the respondent that there was no proof or offer of proof of the nature of the trust, or that by its terms Mr. Huppuch had no power to assign. The reason that there was no proof on this subject, however, is obvious: The plaintiff interposed an objection which shut it out. I cannot see that the appellant was called upon to make any more explicit offer of proof than was indicated by the question which has been quoted. That question showed plainly enough that the purpose of counsel was to ascertain whether any trust existed, and, if so, what were the terms thereof. He ought to have been allowed to enter upon and pursue this inquiry; and he must be given an opportunity to do so upon another trial of the action.

Since the foregoing views were put in writing, our attention has been called to the case of Manhattan Sav. Inst. v. New York Nat. Exch. Bank (N. Y.) 62 N. E. 1079, where the court of appeals held that the fact that the word "trustee" was coupled with the name of the depositor in a bank did not necessarily import that he was acting as a trustee for others, but simply distinguished or described the account in a particular way, satisfactory to himself, and did not call for any investigation on the part of the bank into his authority as trustee. This decision has no application to the facts of the case at bar. We do not hold that the mere addition of "in Tr." to Mr.

Huppuch's name, as prefixed to his account, necessarily imported the existence of a trust; but we do hold that, under the pleadings, the defendant was entitled to inquire into the existence of any trust relation on his part, and into the character of the trust, if one existed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.